**Bo Gyi MAUNG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70048.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 19, 2006.*

Filed Nov. 3, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Suzanne B. Friedman, Law Offices of Suzanne B. Friedman, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Elizabeth J. Stevens, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GRABER, W. FLETCHER, and TALLMAN, Circuit Judges.

### MEMORANDUM**

Petitioner Bo Gyi Maung, a native and citizen of Burma (Myanmar), petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's ("IJ") removal order. We grant the petition for review and remand for further proceedings.

We have jurisdiction pursuant to 8 U.S.C. § 1252. Where, as here, the BIA adopts the decision of the IJ without an opinion of its own, we review the decision of the IJ. *Zahedi v. INS,* 222 F.3d 1157, 1162 (9th Cir.2000). We review adverse credibility determinations for substantial evidence. *Singh v. Gonzales,* 439 F.3d 1100, 1105 (9th Cir.2006).

■ Substantial evidence does not support the IJ's adverse credibility determina-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

tion even though the IJ gave several reasons for the finding.

1. Many of the alleged inconsistencies are not factually supported by the record. *See Akinmade v. INS,* 196 F.3d 951, 957 (9th Cir.1999) (holding that inconsistencies not factually supported by the record are not an appropriate basis for an adverse credibility finding).

■ 2. The IJ improperly dismissed Petitioner's explanations of his travel to, and within, the United States based on speculation and conjecture. *See Shah v. INS,* 220 F.3d 1062, 1071 (9th Cir.2000) ("Speculation and conjecture cannot form the basis of an adverse credibility finding. . . .").

■ 3. The IJ also erred in faulting Petitioner for lack of corroborating documentation. *See Sidhu v. INS,* 220 F.3d 1085, 1091–92 (9th Cir.2000) (holding that "it is inappropriate to base an adverse credibility determination on an applicant's inability to obtain corroborating affidavits from relatives or acquaintances living outside of the United States").

■ 4. Other alleged inconsistencies in Petitioner's testimony were minor. *See Singh,* 439 F.3d at 1108 (holding that only if an inconsistency "goes to the heart of a claim" can it support an adverse credibility determination).

5. Still others "were possibly the result of mistranslation or miscommunication." *Vilorio–Lopez v. INS,* 852 F.2d 1137, 1142 (9th Cir.1988). "We have long recognized that asylum hearings frequently generate mistranslations and miscommunications," *Maini v. INS,* 212 F.3d 1167, 1176 (9th Cir.2000) (internal citation omitted), and our review of the record reveals numerous examples of translation difficulties.

■ 6. The inconsistencies between Petitioner's application and testimony do not constitute an adequate basis for an adverse credibility determination in this case. Petitioner explained that he signed a blank application that was then prepared by others, and no "other evidence of dishonesty" exists. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1254 (9th Cir.2003) ("Inconsistencies due to an unscrupulous preparer, without other evidence of dishonesty (such as evasiveness in answering questions), do not provide a specific and cogent basis for an adverse credibility finding." (citation omitted)). The IJ did not make a demeanor finding of evasiveness or nervousness, Petitioner and his witness testified consistently with each other on all important aspects of his claim, and the IJ found Petitioner's testimony consistent with the reports of country conditions.

7. Petitioner's testimony, when compared to his application, minimized his persecution because it revealed that he spent less time in jail, was sentenced before a tribunal rather than being dragged to prison, and had not feared reprisals against his family. *See Garrovillas v. INS,* 156 F.3d 1010, 1014 (9th Cir.1998) (holding that an important factor is whether, compared to petitioner's application, his testimony "served to lessen the degree of persecution he experienced").

We remand to the BIA to consider Petitioner's application anew, but without the IJ's adverse credibility finding. *See INS v. Orlando Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam) (holding that a court of appeals should ordinarily remand to the agency to consider a claim in the first instance).

Petition for review GRANTED; REMANDED.

TALLMAN, Circuit Judge, dissenting:

The central issue in this appeal is whether the immigration judge's adverse credibility determination is supported by specific, cogent reasons that are "substan-

tial and bear a legitimate nexus" to the finding. *Wang v. INS,* 352 F.3d 1250, 1258 (9th Cir.2003) (quoting *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002) (additional citations omitted)). The immigration judge here cited sufficient instances of inconsistency in the evidence to meet the deferential standard of review on appeal, particularly the discrepancies he observed between the stories told by the alien and his witness, Mr. Oo, and regarding the alien's conduct underlying his claimed arrest at the rally, where we can't say what materials he was distributing that led to his incarceration.

My dissent in *Kaur v. Ashcroft,* 379 F.3d 876, 890–92 (9th Cir.2004), outlines what I believe to be our proper role when reviewing an immigration judge's adverse credibility determination. Congress appears to hold the same belief as well. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (2006) (credibility determination in asylum cases); *id.* § 1252(b)(4)(B) ("[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary[.]"). I adhere to the views I have previously expressed and will not repeat them here. Because I believe that the standards set forth in *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), compel that we deny the petition for review, I respectfully dissent. As Judge Farris so trenchantly observed in another immigration case involving a challenge to an adverse credibility finding, "My [colleagues] and I differ on what is the appropriate appellate function. [They] would retry. I am content to review." *Li v. Ashcroft,* 378 F.3d 959, 964 n. 1 (9th Cir.2004).